UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD BRONSON,

                     Petitioner,

      – against –

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------------X

04 Civ. 7138 (HB)

**OPINION & ORDER**

**Hon. Harold Baer, Jr., District Judge**[*]:

      On September 8, 2004, pro se Petitioner Richard Bronson moved to vacate, set aside, or correct his October 31, 2003 sentence of twenty-four months' imprisonment and three years of supervised release, pursuant to 28 U.S.C. § 2255. Petitioner claims: (1) this Court imposed an improper sentence because the amount of loss was incorrectly calculated, (2) his guilty plea was not knowing and voluntary, and (3) ineffective assistance of counsel prevented petitioner from filing an appeal. For the following reasons, the petition is DENIED.

## I.     BACKGROUND

      Petitioner, a principal of the brokerage firm Biltmore Securities, Inc., participated in a "boiler room" type operation where fraudulent practices were used to induce the purchase of stock. Biltmore's employees sold stock in bogus companies with little assets or business prospects at a significant profit and then through misrepresentations discouraged those customers from selling the stock. Petitioner also transferred stock back and forth in sham transactions to artificially inflate the price he would charge customers.

      On January 28, 2002, pursuant to a plea agreement, Petitioner pled guilty to one count of conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371, and one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 18 U.S.C. § 2. The plea agreement also provided that the Government would file a motion pursuant to U.S.S.G. § 5K1.1(a)(1)–(5) for reduction of sentence because of Petitioner's substantial assistance. (Plea

---

[*] Anna Fontana, a fall 2005 intern in my Chambers, and currently a third year law student at St. John's Law School, provided substantial assistance in the research and drafting of this Opinion.

Tr. 10:16–23, Jan. 28, 2002.) During his plea allocution, Petitioner acknowledged that he understood the rights he waived and the penalties he faced. (Plea Tr. 11:05–07.) I also asked him if he was "induced to offer to plead guilty by reason of any promises outside of [the Plea Agreement] . . . ." (Plea Tr. 13:12–17.) Petitioner replied that he had not been induced. I then asked him if his plea was voluntary and of his own free will, and again, Petitioner responded in the affirmative. (Plea Tr. 14:20–23.)

Prior to sentencing, the United States Probation Office ("Probation") prepared two Pre-Sentence Investigation Reports, dated September 9, 2003 (the "Initial PSR") and October 3, 2003 (the "Amended PSR"). In the Initial PSR, Probation calculated Petitioner's offense level to be twenty-one, producing a sentencing range between thirty-seven and forty-six months' imprisonment. After further investigation, Probation concluded that the loss amount in the Initial PSR only represented a small portion of total losses and to reflect the amount calculated, $95,992,317.58, increased the offense level to twenty-five, which carried a sentencing range of fifty-seven to seventy-one months' imprisonment. Through his counsel, Petitioner argued that the Amended PSR overstated the actual loss amount that should be attributed to him, but failed to specify what the amount should have been. The Government nevertheless proposed to discount the loss amount by fifty percent.

On October 31, 2003, Petitioner was sentenced to a term of twenty-four months' incarceration followed by three years of supervised release. Petitioner's attorney noted that the loss calculation was not an agreed amount, but stated that Petitioner "had no other quarrel with the factual portion of it." (Sent. Tr. 3:02–03, Oct. 31, 2003.)

On September 8, 2004, Petitioner filed the instant petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. LEGAL STANDARD

To prevail pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

Section 2255 petitions are procedurally barred as collateral actions if the claims were not raised on direct review unless they are based on constitutional or jurisdictional claims or would result in a "complete miscarriage of justice." Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002). However, if the petitioner can establish "cause" for his procedural default and "actual prejudice" resulted from the alleged error, then these claims may be raised for the first time in a collateral action. Reed v. Farley, 512 U.S. 339, 354 (1994). There is an exception to the general rule; a claim for ineffective assistance of counsel could be brought under 28 U.S.C. § 2255, regardless of whether it should have been raised on direct appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

### III. DISCUSSION

Petitioner presents three arguments in his petition: (1) his sentence was improper under Blakely v. Washington standards because of an incorrectly calculated amount of loss, (2) his guilty plea was not knowing and voluntary, and (3) his counsel was ineffective and did not advise Petitioner of his right to appeal.

**A. Improper Sentence Pursuant to Blakely v. Washington**

Petitioner argues that under Blakely v. Washington his sentence was unconstitutional and violated his Sixth Amendment rights because he was sentenced according to facts not decided by a jury nor admitted by himself. 542 U.S. 296 (2004). Petitioner claims that he never agreed to the $95,992,317.58 loss amount that was listed in the Amended PSR and used by the Court to determine his sentence. Unfortunately, Blakely is inapplicable to Petitioner's claims.

While the Court in United States v. Booker stated that the Blakely decision does apply to the Sentencing Guidelines, it only pertains when a judge mandatorily applies the Guidelines' enhancements to extend the *maximum* sentence a defendant would have received based on the facts established by a jury or a guilty plea. Booker, 125 S. Ct. 738, 756 (2005); see also United States v. Crosby, 397 F.3d 103, 114 (2d. Cir. 2005). Here, unlike Booker, Petitioner was sentenced to a term of twenty-four months' imprisonment, which was below the sentencing range of fifty-seven to seventy-one months' imprisonment mandated by the Sentencing Guidelines.

Also, the Second Circuit has consistently held that Blakely does not apply retroactively. Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005); see also Green v. United States, 397

3

F.3d 101, 103 (2d Cir. 2005). Because Petitioner's conviction became final before June 24, 2004, the date Blakely was decided, it does not apply.

**B. Guilty Plea Not Knowing and Voluntary**

A plea agreement is valid if it is a knowing and voluntary act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). A plea is considered "knowing" if the defendant is fully aware and appreciates the potential consequences of his waiver. United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996). A plea is entered into "voluntarily" if it is free of any threats and not obtained by any promises on behalf of the government or with any exertion of improper pressure. Brady, 397 U.S. at 753.

During the plea allocution, the Court ensured that Petitioner agreed to plead guilty freely and knowingly. Petitioner was asked if he was familiar with the charges, if he had spoken to his attorney, and if he had any questions about the factual allegations. (Plea Tr. 5:18–6:19.) Petitioner stated that his plea was voluntarily and of his own free will. (Plea Tr. 13:12–14:23.) Also, Petitioner was aware that the maximum sentence for both counts totaled fifteen years' imprisonment. (Plea Tr. 10:03–11:06.)

Petitioner contends that prior to entering a guilty plea, he was assured the Government "was not interested in seeing him serve jail time." (Petr.'s Pet. 5.) However, nowhere in the plea agreement is the Government's position, if it was the Government's position, spelled out, nor is it in the record of the allocution. In fact, the plea agreement provided unambiguous language that no other promises existed outside of the signed plea agreement. (Plea Agreement 5.) Moreover, this Court is not bound by any agreements between defendants and the Government and Petitioner was aware of this.

> THE COURT: But you also know . . . you don't see my name on this agreement; right?
>
> PETITIONER: I don't recall seeing your name on it; no, sir.
>
> THE COURT: What that means, obviously, is that I am not bound by what this says . . . . The fact of the matter is that I just want you to know that not only am I not bound by this letter, but that you can't come back at the time of sentencing and say: Baer, you didn't keep

4

> your deal or word or whatever, because I don't have any deal. I'm not
> a party to this deal, whatever it is.
>
> PETITIONER: I understand that.

(Plea Tr. 11:17–12:06). As such, the plea agreement is presumed valid and Petitioner's claim is rejected.

## C. Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, Petitioner must demonstrate: (1) counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and (2) counsel's errors were so serious that there is a reasonable probability the result would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). Petitioner argues that his counsel was ineffective because he failed to advise him of his right to appeal his sentence based on the points raised in the Petition.

Petitioner's counsel could not have been ineffective in his failure to advise Petitioner to appeal his sentence based on Blakely (the part raised in the petition) because the Supreme Court did not decide Blakely until more than eight months after Petitioner's sentencing, and thus impossible for Petitioner's counsel to advise him of its outcome. Blakely v. Washington, 542 U.S. 296 (2004).

Petitioner also argues that his counsel did not properly challenge the inclusion of additional loss attributed to him. But this argument is belied by the transcript of the sentencing hearing. Petitioner's counsel did argue for a downward departure and challenged the loss amount in the Amended PSR.

Finally, Petitioner contends that this counsel failed to advise him that he could appeal his sentence because his guilty plea was "unlawfully induced." This argument is unavailing. Based on the record and Petitioner's own statements during his plea hearing, the plea does not appear to be unlawfully induced and there was no basis for appeal. Because Petitioner is unable to show a reasonable probability that he was prejudiced by the decisions made by his counsel, his claim for ineffectiveness is rejected.

## IV. CONCLUSION

For the foregoing reasons, this petition is DENIED. The Clerk of Court is instructed to close this case and remove it from my docket.

**SO ORDERED.**

New York, New York
October 19, 2005

_____
U.S.D.J.